## COOLEY v. ARMSTRONG.

Circuit Court of Appeals, Eighth Circuit.
October 7, 1929.

Rehearing Denied November 27, 1929.

No. 8497.

H. M. Cooley and Arthur L. Adams, both of Jonesboro, Ark., for appellant.

Basil Baker and J. F. Gautney, both of Jonesboro, Ark., for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges.

KENYON, Circuit Judge. The First National Bank of Jonesboro, Ark., was placed in the hands of a receiver on the 4th day of June, 1926. A 100 per cent. stock assessment was ordered on August 10, 1926. Appellant, D. M. Cooley, previous to February 13, 1926, was the owner of 136 shares of stock of said bank, of the par value of $3,400. February 13, 1926, he made a transfer of said shares to C. A. Craig and R. E. Fuhr. Suit was brought by the receiver of the bank against these three parties, claiming they were all liable for the sum of $3,400, with interest from September 16, 1926, the date fixed for the payment of the assessment. Appellant filed a demurrer to the complaint, which was overruled. He then filed answer, admitting the transfer of the stock on the books of the bank on February 13, 1926, but denied the transfer was in contemplation of the failure of the bank.

The court submitted two issues to the jury: (a) Whether appellant on February 13, 1926, the date of the transfer of the stock, knew or had reason to know that the bank was insolvent; (b) whether the transferees, Craig and Fuhr, were solvent on the date of the transfer. The jury returned a verdict against the appellant. A judgment was entered against the other defendants on the 18th of May, 1928, they apparently making no defense.

Three questions are argued by appellant under the assignments of error: (1) The overruling of the demurrer; (2) the refusal of the court to instruct a verdict for appellant at the close of plaintiff's testimony; (3) the exclusion of certain parts of the testimony of appellant's witness, E. P. Mathes. These in their order.

The demurrer is based on two grounds: (a) That the complaint fails to allege that

the transferees of the stock were not financially responsible for the amount of the assessment. McDonald v. Dewey, 202 U. S. 510, 26 S. Ct. 731, 50 L. Ed. 1128, 6 Ann. Cas. 419, is relied on as sustaining this proposition, but in that case it is held that this is defensive matter, and that the burden of showing financial responsibility of the transferee is upon the defendant or seller of the stock. It would therefore seem to be unnecessary for the receiver to allege in his complaint here that the transferees were insolvent. (b) The other point suggested is that there is no allegation in the complaint stating that the 100 per cent. assessment was necessary to retire the indebtedness of the institution pro rata for all the stockholders at the time of the transfer by appellant. There is no substance to this. If the amount assessed was unnecessary, that is again a matter of defense, and there is no claim made in the answer that it was unnecessary.

■ The second assignment of error is the refusal of the court at the close of plaintiff's testimony to direct a verdict in favor of appellant. The motion states no ground upon which it might be based, and is insufficient to raise the question here argued that the evidence was not sufficient to warrant submission of the case to the jury. The testimony shows that the so-called sale of the stock was not a good-faith transaction, and was made to escape and evade impending liability. This cannot be done by a colorable transfer. One of the purchasers, Craig, was in the employ of defendant, and had little, if any, property. Fuhr was a lawyer, and is not shown to have been able financially to pay the assessment against the stock.

■ Prior to February 13, 1926, by order of the Comptroller of the Currency, notes of the bank of the face value of nearly $100,000 had been charged off, and a voluntary assessment of 50 per cent. had been made by the directors of the bank under Revised Statutes, § 5205 (USCA tit. 12, § 55), on the capital stock because of the impairment of capital. At the very time of the purchase of the stock, it had been advertised for sale to pay this assessment. Fuhr and Craig claim the consideration of the purchase was the agreement to pay this assessment, for which they gave a note to the bank, and which was never paid. Craig testifies that Cooley knew, if he bought the stock, he would have to give a note and work it out. There is evidence from which a jury would be warranted in finding that appellant knew at the time of transfer of the stock that the bank was practically insolvent, and that the transferees were not financially

responsible to the extent of the assessment. The entire transaction was apparently in bad faith, and merely an attempt on the part of appellant to escape the liability imposed by statute upon stockholders in a national bank. In Bowden v. Johnson, 107 U. S. 251, 2 S. Ct. 246, 254, 27 L. Ed. 386, the court said: "The transfer must not be to a person known to be irresponsible, and collusively made, with the intent of escaping liability, and defeating the rights given by statute to creditors." The trial court so clearly stated the law on the subject that we quote therefrom: "The burden is upon the plaintiff to show before he can recover that, at the time Mr. Cooley sold his stock to Fuhr and Craig, the bank was insolvent, and in addition to that he must show that Cooley either had knowledge of that fact, or had knowledge of other facts which would lead a reasonable person to believe that the bank was insolvent. If these facts are established, Cooley would be liable, unless he shows he made the transfer to people who are solvent."

■ The remaining assignment of error relates to the exclusion of certain testimony of the witness Mathes. Mathes was a personal friend of appellant, having some business association with him, and enjoying friendly and confidential relationship. It was attempted to show by Mathes that prior to the 13th day of February, 1926, he had a conversation with appellant about the situation as to the stock. The court held this conversation was not competent, and was a mere self-serving statement. Out of the hearing of the jury it was stated that Mr. Mathes, if permitted, would have testified that Mr. Cooley talked with him concerning whether or not he should pay the 50 per cent. assessment that was levied upon the stock; that the opinion of the witness, as expressed to appellant, was that, if the 50 per cent. assessment was paid in full by all the stockholders liable, it would make the bank solvent; that, if it was solvent, it was certain to become insolvent within one or two years, if the present officers continued in charge of it; that appellant told him the reason he wanted to sell was that, no matter what the condition of the bank was, it would soon become insolvent, if the men then in control of the bank remained in control. The witness also stated that he knew the bank had paid out $75,000 in rice lands in Arkansas, arising out of some suit, and knew it was impossible, therefore, for the bank to make any money, but that he did not inform appellant of this.

If this evidence was admissible, there was no prejudice to appellant in its exclusion.

If it had been admitted, it would have tended very strongly to show that appellant knew that the bank was insolvent, and that the payment of the 50 per cent. assessment by all the stockholders was necessary to make it solvent. We think the evidence inadmissible on any theory. These expressions of appellant, made to Mathes, were not expressions of bodily or mental feelings, and would not be admissible under any such theory. It is merely a situation where appellant sought and received advice. If such statements were competent, any talk by appellant with any one in the neighborhood about the condition of the bank would be admissible.

We see no merit in any of the points presented by appellant, and the judgment of the trial court is affirmed.